JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHMAN RUSHING, | Case No. 2:20-07737 AB (ADS) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| CALIFORNIA INSTITUTE FOR MEN, | |
| Respondent. | |

I.   **INTRODUCTION**

On August 25, 2020, Petitioner Rahman Rushing, a California state prisoner, filed a Petition for Writ of Habeas Corpus.  [Dkt. No. 1].  Petitioner raises one ground for relief, asserting that the prison's response to Covid-19 is a violation of the Eighth Amendment right against cruel and unusual punishment.  [Id., p. 3].  A review of the pleading and records in this case reveals that Petitioner fails to allege a cognizable claim

for federal habeas relief.[1]  For the reasons discussed below, the Court DISMISSES the case without prejudice.

## II.   DISCUSSION

### A.   Failure to State a Cognizable Claim

The Court has the authority to dismiss habeas actions <u>sua sponte</u>.  Under Rule 4 of the Rules Governing § 2254 Cases, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, "the court must summarily dismiss the petition without ordering a responsive pleading."  <u>Mayle v. Felix</u>, 545 U.S. 644, 656 (2005); <u>see also</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 641, n.1 (9th Cir. 2002) (quoting Rule 4).  Under Title 28 U.S.C. Section 2254, a federal court shall entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement while a civil rights action is the proper method to challenge conditions of confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).

Here, the Court has screened the instant Petition and finds it clear on its face that Petitioner is not entitled to federal habeas relief for the claim he asserts.  Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of

---

[1] Where necessary, the Court takes judicial notice of the public records.  <u>See</u> Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); <u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

confinement while a civil rights action is the proper method to challenge conditions of confinement.  Id.  Petitioner's one ground for relief appears to solely challenge the conditions of his confinement by asserting that the prison where is in incarcerated is not providing proper protection against Covid-19.  [Dkt. No. 1, p. 3].  Although Petitioner does not state the specific relief he seeks, this challenge concerns the conditions of his confinement and must be raised in a civil rights action under 42 U.S.C. § 1983.  Because Petitioner does not appear to challenge the legality or duration of his confinement, the Petition fails to state a cognizable claim for federal habeas relief.

To the extent Petitioner is challenging the conditions of his confinement, the Court has considered whether to construe Petitioner's allegations as a civil rights complaint.  See Hanson v. May, 502 F.2d 728, 729 (9th Cir. 1974) ("Despite the labeling of his complaint, [the petitioner] was, therefore, entitled to have his action treated as a claim for relief under the Civil Rights Act.").  However, Petitioner has already filed in this Court a civil rights complaint pursuant to 42 U.S.C. § 1983 asserting the same Covid-19.  See Case No. 2o-06513 AB (ADS).  That complaint alleges the same claim regarding the prison's response to Covid-19 and attaches the same documents to support his claim.  Therefore, it is unnecessary to construe the current federal habeas petition as a civil rights complaint.

III.   **CONCLUSION**

Petitioner has failed to state a claim cognizable under federal habeas relief and has already filed a civil rights action asserting the same claim.  IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Central District of California Local Rule 72-3.2.  Judgment shall be entered accordingly.

## IV.     CERTIFICATE OF APPEALABILITY

In addition, for reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether:" (1) "the petition states a valid claim of the denial of a constitutional right;" and (2) "the district court was correct in its procedural ruling."  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, a certificate of appealability is denied.

**IT IS SO ORDERED.**

DATED: September 16, 2020     _____
                              THE HONORABLE ANDRÉ BIROTTE JR.
                              United States District Judge


Presented by:

____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge